IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:06cr136WS

FIDEL PEREZ-Vera

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS PHYSICAL EVIDENCE

CAME ON TO BE HEARD on October 16, 2006, the Defendant's Motion to Suppress Physical Evidence in the criminal cause above styled and numbered, the evidence at issue being an SKS rifle seized at the time of his arrest by state authorities in Scott County, Mississippi. The defendant is charged by indictment with being an Illegal Alien in Possession of a Firearm, in violation of Title 18, United States Code, §§ 922(g)(5)(A) and 924(a)(2).

The defendant timely raised the issue for consideration in the Courts pursuant to Rule 12(b)(3)(C) & (c), Fed. R. Crim. Pro., and *United States v. Evans*, 572 F.2d 455 ((5th Cir.), *cert. den.* 439 U.S. 870 (1978). The United States responded by an

offer of proof in the form of testimony by two witnesses, having the burden of persuading theCourt by a preponderance of the evidence. *United States v. De la Fuente,* 548 F.2d 528 (5th Cir.), *cert. den.* 434 U.S. 954 (1977); *United States v. Matlock,* 415 U.S. 164, 177 (1974). The defendant elected to offer no proof of his own, but argued the application of the suppression rule announced in *Georgia v. Randolph,* 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), having claimed in his pleading that the government, by virtue of the acts of state officers, failed in the refusal of the accused where his co-tenant and spouse herself consented to the search of the residence in which the rifle was found.

The Court, having considered the testimony of the witnesses and arguments of counsel, credits the testimony of the government's witnesses, and finds by the requisite standard of proof the following: (1) that the defendant's consent to search was not sought by the state officers, nor (2) was he sequestered in such a way that his refusal to consent could not be heard. The Court further finds that (3) the wife, who was shown by proof to be the lease-holder of the residence, had the apparent authority to consent, and (4) that she did consent to the search of the residence wherein she had standing to consent or refuse. Such consent as was obtained of her is consonant with the Court's holdings in *United States v. Matlock,* 415 U.S. 164 (1974), and in *Illinois v. Rodriguez,* 497 U.S. 177 (1990), and does not offend the Fourth Amendment of the

Constitution of the United States. *Matlock, supra,* at 170-171.

Accordingly, the Court finds that the Defendant's Motion to Suppress Physical Evidence is without merit, and that the same should be, and it hereby is, denied.

SO ORDERED, this the 31st Day of October, 2006.

*Henry T. Wingate*
HENRY T. WINGATE
Chief United States District Judge